2004 WY 160

**Jason Kelly PACHECO, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 03–135.**

Supreme Court of Wyoming.

Dec. 9, 2004.

Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Do-

---

monkos, Appellate Counsel; and Ryan R. Roden, Senior Assistant Appellate Counsel.

Representing Appellee: Patrick J. Crank, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Daniel M. Fetsco, Assistant Attorney General.

Before HILL, C.J., GOLDEN, and VOIGT, JJ., and SULLINS and BURKE, District Judges.

HILL, Chief Justice.

[¶ 1] Appellant, Jason Kelly Pacheco (Pacheco), contends that there was not sufficient evidence to sustain his conviction for the crime of possession of marijuana with intent to deliver. We will affirm.

## ISSUE

[¶ 2] Pacheco raises this issue:

The evidence was not sufficient below to convict [Pacheco] of possession of a controlled substance, marijuana, with the intent to deliver, as charged in the information, because the State failed to prove beyond a reasonable doubt essential elements of that crime.

In response, the State contends the evidence was sufficient.

## FACTS

[¶ 3] The standard of review mandates that we acknowledge only those facts that are most favorable to the State's position. The circumstances that gave rise to this criminal prosecution were set in motion on May 19, 2002, when a confidential informant (CI) reported to a Division of Criminal Investigation (DCI) Agent, Kebin Haller, that Mike McMacken was distributing drugs in Rawlins. Agent Haller arranged for the CI to make a controlled buy of marijuana from McMacken. The first such purchase was made on June 7, 2002. A second such controlled buy was arranged for July 24, 2002, because McMacken was not so much the target of this investigation as was Pacheco. On this occasion, McMacken informed the CI that he would sell him an ounce of marijuana for between $100.00 and $150.00, and that it

would take him only a minute or so to obtain the marijuana, because he only had to drive a couple of blocks to get it. Agent Haller gave the CI $140.00 in currency. The serial numbers on that currency were recorded by Agent Haller. Although no purchase was made on that occasion, because the unidentified drug supplier was "not at home," DCI agents observed McMacken drive to Pacheco's house and then return to his own home. Later that same day, Agent Haller observed that Pacheco's car was at his home, so he contacted the CI to again attempt to make the purchase. On this occasion, the CI was given only one $100 bill in recorded buy money. As Agent Haller listened in on the conversation between the CI and McMacken, he could hear that the CI had given McMacken the $100 bill. McMacken then drove to Pacheco's house and remained there for approximately 20 minutes (the police did not see Pacheco or any part of the transaction that went on inside his house, nor did McMacken ever say Pacheco's name). McMacken delivered a substance to the CI that proved to be marijuana.

[¶ 4] It was then arranged that the CI would make yet another purchase of marijuana from McMacken. That buy was set up for July 29, 2002. The CI was again given $100.00 in buy money, but this time McMacken was already at Pacheco's house, and when McMacken returned from Pacheco's house to his own house, the purchase was completed. Thus, that $100 bill was not given to Pacheco or anyone else at the Pacheco house. McMacken never identified his source as Pacheco. That $100 bill was later recovered from McMacken's wallet when he was searched. The substance again proved to be marijuana. It was established that Pacheco was not at home during this transaction because he was at a training session for his job at the Wyoming State Penitentiary.

[¶ 5] On July 29, 2002, Agent Haller obtained a search warrant to search Pacheco's house, and it was executed on that same day at 6:20 p.m. Pacheco, his wife Krishannah and their children, as well as a family friend, were present at the house when the agents arrived. Pacheco was removed from the residence, arrested, handcuffed, given Miranda

warnings, and then interviewed. Pacheco admitted that he had been selling marijuana in the recent past in order to supplement his income as a prison guard. He also admitted that there was marijuana in the house for sale and some methamphetamine for personal consumption. When asked, Pacheco stated that he could not remember if he sold marijuana to McMacken on June 24, 2002. The search uncovered the $100 bill that Agent Haller gave to the CI on July 24, 2002. Agent Haller intended that the $100 dollar bill that could be associated with the July 24, 2002 transaction be kept as evidence. However, a total of $455 was found in the residence, and because Krishannah had two small children to care for, Haller returned the other $355 to her and, in the process, inadvertently gave her the $100 bill used in the July 24, 2002 transaction. The search also uncovered a box of plastic baggies, two weighing scales, a marijuana sifter, and suspected marijuana and suspected methamphetamine—items typically associated with the distribution of drugs.

## STANDARD OF REVIEW

[¶ 6] In addressing a claim of insufficiency of the evidence, we must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. When considering a claim of the sufficiency of the evidence, we review that evidence with the assumption that the evidence of the prevailing party is true, disregard the evidence favoring the unsuccessful party, and give the prevailing party the benefit of every favorable inference that we may reasonably draw from the evidence. We will not reweigh the evidence nor will we re-examine the credibility of the witnesses. *Mascarenas v. State*, 2003 WY 124, ¶ 4, 76 P.3d 1258, ¶ 4 (Wyo. 2003).

## DISCUSSION

[¶ 7] Our discussion will be quite brief. Without question, the evidence against Pacheco had some weaknesses, and mistakes were made in the investigation of the crime. However, the jury was fully and accurately instructed on the law that was to be applied to the facts presented by both the State and Pacheco, and it resolved the conflicts in the evidence in favor of the State. Indeed, the attentiveness of the jury to the instructions is evidenced by several questions they submitted to the district court during the course of their deliberations. It is evident from the record that the jury was meticulous and thorough in performing its fact-finding function. Pacheco's brief was comprehensive in directing our attention to the weaknesses of the State's case, including the fact that the critical $100 bill had been lost by Agent Haller, that Pacheco could not be placed at his home on July 24, 2002, and that it was certain that he was not there on July 29, 2002. The instructions given the jury included these:

INSTRUCTION NO. 5

The elements of the crime of Possession with Intent to Deliver a Controlled Substance, as charged in this case, are:

1. On or about the 24th day of July, 2002.

2. In Carbon County, Wyoming.

3. The Defendant, Jason Kelly Pacheco.

4. Possessed a controlled substance, marijuana, with intent to deliver it to another person.

. . . .

INSTRUCTION NO. 6

"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.

. . . .

INSTRUCTION NO. 9

Evidence has been presented that the Defendant has stated he has in the past sold marijuana. You may not convict Defendant solely on this evidence. You may however, consider this along with other competent evidence to arrive at your decision regarding the events occurring on or about July 24, 2002.

[¶ 8] When we apply the applicable standard of review to those facts that are most favorable to the viewpoint of the State, we

are compelled to conclude that the evidence was sufficient. *See, e.g., Sotolongo Garcia v. State,* 2002 WY 185, ¶ 12, 60 P.3d 687, ¶ 12 (Wyo.2003); and *Hughes v. State,* 2003 WY 35, ¶¶ 23–26, 65 P.3d 378, ¶¶ 23–26 (Wyo. 2003). This is especially true in light of Pacheco's admission that he was selling/delivering marijuana, coupled with significant and competent circumstantial evidence that corroborated his admission that he possessed marijuana with intent to deliver it (*actual delivery* is not an element of the crime).

## CONCLUSION

[¶ 9] The evidence presented at trial was sufficient to sustain the jury's verdict. The judgment and sentence of the district court are affirmed.